THOMPSON *vs.* CONNOR.

*In the matter of Proving the Last Will and Testament of* CHARLES STEPHENSON, *deceased.*

A WILL containing a single bequest, subject to the condition that the legatee should produce from the officers of the ship in which the testator should serve on his next cruize, satisfactory evidence of his decease " during the same," was admitted to probate, although the testator did not die on that voyage.

The will was not made expressly dependent upon the testator's death during the voyage in question, but the condition referred to satisfactory proof of death in case he should die upon that voyage. To make a testament strictly depend upon a condition, so as to affect the question of probate, the intention ought to appear very clearly that the will should not take effect except upon the prescribed contingency.

If the condition is not annexed to the substance of the gift, but only to some collateral matter, such as payment on proof of death, then the gift will be absolute, and the condition will be left to operate on the occurrence of the contingency contemplated by its terms.

THE SURROGATE.—The will of the decedent was as follows: "WILL.—I Charles Stephenson, of the city and county of New York, being of sound mind and memory, do make and publish this my last will and testament. I give and bequeath to my cousin, Margaret Baxter, of the city and county aforesaid, three hundred dollars, deposited by me in the Seamen's Bank for Savings, New York, August 31, 1849,— the bank book numbered 20,516 being in my hands,—and whatever interest may accrue thereon,—this gift and bequest being subject to the following condition, viz.: that the said Margaret Baxter shall produce from the officers of the ship in which I shall sail on my next cruize, satisfactory evidence of my decease during the same. In testimony whereof I hereunto set my hand and seal, and publish and declare this to be my last will and testament, in presence of the witnesses named below, on this 20th day of October, in the year of our Lord one thousand eight hundred and forty-nine."

The will was executed in due form of law. The testator at the time of its execution was in contemplation of a voyage to sea, from which he subsequently returned. He died in this city in the month of September last. There is evidence of the recognition of the will by the decedent shortly prior to his decease. Is the will so clearly conditional that it should be denied probate? In *Ex-parte Lindsay*, 2 *Brad. R.*, 204, I considered the principle applicable to this class of cases, and came to the conclusion that, if the words of the will do not clearly express that the entire instrument is to take effect or to fail upon a particular event, the court is justified in giving sentence of probate, so as to leave the determination of its conditional character open as a question of construction. I have seen no reason in my subsequent experience to vary from that rule. In the present case, though the term " condition" is used towards the close of the will, I think it is to be construed in relation to its particular subject, and is not to be enlarged so as to bear generally upon the will in any other contingency than the one which that condition seems to contemplate. The tes-

tator does not make the will itself dependent upon his not surviving during his proposed voyage,—he does not say it shall take effect only upon the contingency that he shall die on that voyage, but he gives generally—that is, he gives, in presumption of law, upon his decease at any time. Doubtless the possibility of death during the contemplated cruize was considered, and led to the incorporation of the condition in the will; but then the condition refers primarily to evidence, or in other words, he does not give only upon condition he should die during that voyage, but that certain specified proof of his death shall be produced. In this view we might read the condition as based entirely upon the contingency of decease upon a particular cruize, on the happening of which the condition would become operative, —and on the non-occurrence of which the condition would fall. The testator not having died on that cruize, there was no evidence required, and that was an end of the condition. If the testator in this clause of the will is to be understood as saying, " If I should die upon my next voyage then this will is made on condition that the legatee shall produce from the officers of the ship in which I shall sail satisfactory evidence of my decease," this would not make the will conditional,—such a provision would be a natural one in case of decease during absence from home. I am inclined to construe it in that way. To make a testament strictly depend upon a condition so as to affect the question of probate, the intention ought to appear very clearly that the will should *not* take effect except upon the prescribed contingency. The mere *factum* of the instrument implies generally an intention not to die intestate,—a determination to give and bequeath,—and if the condition is not annexed to the substance of the gift, but only to some collateral matter, such as payment on proof of death, then the gift will be absolute and not conditional, and the condition will be left to operate on the occurrence of the contingency contemplated by its terms. If the event contemplated never occurred, the gift will not be disturbed. I think therefore that the con-

dition fell by reason of the event not happening to which it was attached, and that the gift was consequently unaffected. There must accordingly be sentence of probate.