The judgment and order must be reversed and a new trial be granted, costs to abide the event.

HOOKER, GAYNOR, RICH and MILLER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.

---

In the Matter of the Administration of the Goods, Chattels and Credits of CHARLOTTE M. MACCAFIL, Deceased.

HOWARD R. MACCAFIL, Appellant; WILBUR H. KIRKHAM, Respondent.

Second Department, June 5, 1908.

**Will — probate — disposition of realty only — executor and administrator — personalty.**

A will disposing of realty only is entitled to probate as a will of personalty if the testator appointed an executor.

A testator leaving such will does not die intestate as to personalty, but the executor holds the same in trust for those entitled thereto under the Statute of Distributions.

APPEAL by the petitioner, Howard R. Maccafil, from an order of the Surrogate's Court of the county of Westchester, entered in said Surrogate's Court on the 23d day of December, 1907.

*William L. Snyder* [*John P. Duff* with him on the brief], for the appellant.

*Forsyth Wickes*, for the respondent.

JENKS, J.:

This is an appeal from an order of the Surrogate's Court denying the application of H. R. Maccafil to vacate or to modify letters testamentary issued to Kirkham under the will of Charlotte M. Maccafil and denying the application of the said H. R. Maccafil for letters of administration upon the estate of the said Charlotte M. Maccafil. Charlotte M. Maccafil died leaving her surviving the said H. R. Maccafil, her husband, and no descendants. Her will is as follows: " I, Charlotte M. Maccafil, of Kitchawan, in the County of Westchester and State of New York, do make, publish and declare the following as my Last Will and Testament, viz.: I give and devise all my real estate, consisting of Nos. 157 and 159 East Thirty-second street, and Nos. 156 and 158 East Thirty-third street, in the city of New York, to my brother-in-law, Wilbur Harrison Kirkham, to be held and enjoyed by him during the term of his natural life. After the death of my said brother-in-law, or at the sooner termination of his life estate in said premises, I give and devise the same to my nephew, Wilbur Haynes Kirkham, the son of the said Wilbur Harrison Kirkham, to be held and enjoyed by him during the term of his natural life, and after his death I give and devise the same to his lawful issue, and to their heirs absolutely in equal portions *per stirpes.* In case my said nephew shall die leaving no issue, nor descendants of issue, him surviving, I give and devise the said premises absolutely and in fee to ' St. Mary's Free Hospital for Children,' at present located at Nos. 405 to 411 West Thirty-fourth street, in the city of New York. I appoint my said brother-in-law, Wilbur Harrison Kirkham, executor of this, my Last Will and Testament, and I direct that in case he, at my decease, shall be, or become a non-resident of the State of New York, he shall be allowed to act as such executor without giving bonds. I hereby

revoke all former Wills by me at any time made, and I declare this to be my Last Will and Testament."

The contention of the appellant is that the woman died intestate as to all her personal property without descendants, and so the personalty upon her death vested absolutely in the husband, who, therefore, has the sole right to letters of administration thereupon.

But I am of opinion that the will was entitled to probate as a will of personal property. Redfield on the Law of Wills (Vol. 3 [3d ed.], *56) says : "It is well settled that a will appointing an executor, and containing no disposition of personalty is entitled to probate, whether it contain any disposition of real estate or not." Theobald on the Law of Wills (5th ed. p. 71) says : "A will disposing of realty only was entitled to probate if the testator appointed an executor," citing cases. And the same writer also says: "The will of a married woman disposing only of real estate belonging to her for her separate use and appointing an executor was, even before the Married Women's Property Act, 1882, entitled to probate," citing cases. Williams on Executors (Am. Notes, Rand. & Tal., vol. 1, p. 268) says : "The bare nomination of an executor, without giving any legacy or appointing anything to be done by him, is sufficient to make it a will, and as a will it is to be proved." After citing cases the author's note reads : "This seems to be so even though the will deals only with realty : *In the Goods of Jordan*, L. R. 1 P. & D. 555. * * * But the will of a married woman dealing only with realty, but appointing executors, is entitled to probate where a portion of the estate consists of personalty vested in her by virtue of the Married Women's Property Act, 1882 : *In the Goods of Cubbon*, 11 P. D. 169. Or of property to which she is entitled as separate estate : *Brownrigg* v. *Pike*, 7 P. D. 61." *In the Goods of Miskelly* (I. R. 4 Eq. 62) it is said : "It is settled that a will is entitled to probate if executors are appointed, although the will does not contain any bequest of personal estate," citing *In the Goods of Jordan* (L. R. 1 P. & D. 555). In *Brownrigg* v. *Pike* (*supra*) the president (Sir JAMES HANNEN) said of the will : "In the first place it is said that it deals only with realty, and is, therefore, not entitled to probate. It is not, however, the fact that this will is limited to the disposition of real estate. In the first place an executor is appointed by it, and this has been held to entitle a will

to be admitted to probate, though it disposes of real property only. See Williams on Executors (8th ed. p. 231); *Beard* v. *Beard* (3 Atk. 72, 73); *O'Dwyer* v. *Geare* (1 Sw. & Tr. 465)." (See, too, *In the Goods of Tomlinson*, 6 P. D. 209, 210.) In *Barber* v. *Barber* (17 Hun, 72) the testator's will was as follows: "I nominate and appoint Samuel McClelland Barber, Thomas D. Chollar and Robert H. McClellan executors of this my will, and for the purpose of converting my real estate into money I authorize and empower them to sell the same. Witness my hand and seal this 21st day of August, A. D. 1874." The contention was "that the paper is not a will of personal property." The court, per BOARDMAN, J., said: "The instrument in question is a valid will and is entitled to probate as such. Under it the executors take title to property as in ordinary cases. In 3 Redfield on Wills (56, § 15) the author says: 'It is well settled that a will appointing executors, and containing no disposition of personalty is entitled to probate, whether it contain any disposition of real estate or not;' citing *In Goods of Jordan* (L. R. 1 P. & D. 555; 1 Wms. on Ex'rs, 218 [6th Eng. ed.]; *O'Dwyer* v. *Geare*, 1 Sw. & Tr. 465). Williams on Ex'rs (vol. 1, introd. to book 3, p. 112), says: 'The bare nomination of an executor without giving any legacy, or appointing anything to be done by him, is sufficient to make it a will, and as a will it is to be proved.' (Citing Godolphin Pl. 2, chap. 5, § 1; Swinburne on Wills, Pt. 4, § 2, p. 2.)* The late work of Flood on Wills at page 64 cites the above extract from Williams on Executors as authority, and at page 60 says: 'If a man makes a will, in which he declares himself to die intestate, the paper will operate as a bequest of his property to the persons designated by the statute of distributions.' (Citing *Benchley* v. *Lynn*, 2 Robert, 145.) To the same effect is Dayton on Sur. (p. 205, beginning of chapter 3 [3d ed.]; see, also, 2 Story Eq. Jur. § 1208). We find no authority or writer expressing views conflicting with those stated, and hence conclude that the instrument under consideration was a valid will."

I think that this is not a case of intestacy as to the personalty. For the testator by will has nominated certain persons as executors, and perforce of the will these executors hold the personalty in trust for those who are entitled to it under the Statute of Distribu-

---

* See 7th ed. p. 346.— [REP.

tions. (*Wager* v. *Wager*, 89 N. Y. 161; *Blood* v. *Kane*, 130 id. 514.) In *Wager* v. *Wager* (*supra*), the court per RAPALLO, J., say : " So far as the property is effectually disposed of by the will, the executor holds it in trust for the legatees or beneficiaries, and, according to the law of this country, if there is any part of such property or any interest therein not effectually disposed of by the will, he holds it in trust for those who are entitled to it under the Statute of Distributions. (*Bowers* v. *Smith*, 10 Paige, 193; 1 Williams on Executors, 294; 2 Story's Eq. Jur. § 1208; *Hays* v. *Jackson*, 6 Mass. 153.) " In *Blood* v. *Kane* (*supra*), the court, per FOLLETT, Ch. J., say : " An executor, as such, takes the unqualified legal title of all personalty not specifically bequeathed, and a qualified legal title to that which is so bequeathed. He holds not in his own right, but as a trustee, for the benefit (1) of the creditors of the testator, and (2) of those entitled to distribution under the will, or if not all bequeathed, under the Statute of Distributions." The cases in this State cited by the learned counsel for the appellant lay down the rule that the personalty of a married woman who dies without descendants but leaving a husband goes to the husband. But these cases are not controlling in this case if I am right in my conclusion that the will was admissible to probate as of the personalty, inasmuch as thereby the personalty goes to the executors. Even in *Robins* v. *McClure* (100 N. Y. 328), upon which the learned counsel for the appellant chiefly relies, this ground of discrimination incidentally appears in the discussion. And the case is cited upon the principles and rules discussed by the court in reaching its conclusion, and not for that conclusion. In that case the wife left neither descendants nor ancestors. She gave one-half of her residuary estate (all personalty) to her brother W. and her sister. W. died before the testatrix and the question was as to the disposition of the estate bequeathed to W. It was decided that the husband by virtue of marital rights was entitled thereto, and that letters of administration were not necessary. But in that case the husband was appointed executor and qualified as such. And the court in the opinion say : " In the case considered the husband would have been competent to act as administrator *but for the will of his deceased wife, and having acted as executor he holds the portion of the estate as to which she died intestate, in his hands as such.* Letters of

administration, therefore, are not necessary to protect his interest, and no reason would seem to exist why, as at common law he was entitled to her estate, he could not hold that portion which lapsed by reason of her intestacy in regard to the same."

The English cases cited by the learned counsel for the appellant can be discriminated as exceptions which prove the general rule, which rule indeed is reiterated in those very judgments. *In the Goods of Jordan* (1 P. & D. 555) the executor renounced and, *therefore*, the next of kin was appointed, but the court said : "The general principle is laid down in Williams on Executors (Part 1, book 3, p. 218 of 6th ed.), 'The bare nomination of an executor, without giving any legacy, or appointing anything to be done by him, is sufficient to make it a will, and as a will it is to be proved.'" In *O'Dwyer* v. *Geare* (1 Sw. & Tr. 465) the will was that of a married woman before the Married Women's Property Act of 1882, which will was made in pursuance *of a power*. (See Theob. Wills [6th ed.], p. 72.) And *In the Goods of Tomlinson* (*supra*) the president said : "Where the will is of a man or a *feme sole*, the appointment of an executor has been held sufficient to entitle the will to proof ; but where it is the case of a married woman executing a power by will, different considerations arise. Though it is in the form of a will as required by the instrument giving the power, it is in fact a conveyance by means of the appointment exercised, and although an executor is appointed the executor takes nothing in his character of personal representative. It was upon that ground that Sir Cresswell Cresswell, in an exactly similar case — *O'Dwyer* v. *Geare* (1 Sw. & Tr. 465) — refused to admit to probate the will of a married woman in execution of a power which related only to real estate, and the same question was before Lord Penzance in the case of the *Goods of Jane Barden* (Law Rep. 1 P. & D. 325). It was suggested that a subsequent decision of Lord Penzance in the case of the *Goods of Elizabeth Jordan* (Law Rep. 1 P. & D. 555), was inconsistent with his previous decision ; but that was not the appointment of a married woman, but the case of a *feme sole* making her will, in which case of course the rule applicable to wills in general would be put in force, namely, that the appointment of an executor *prima facie* entitles a will to be admitted to proof." *Tugman* v. *Hopkins* (4 M. & G. 389) is distinguished by the same circumstance of the

existence of a power as is indicated in *Brownrigg* v. *Pike* (*supra*), where the president said : " But it was contended that this will does not, in fact, dispose of the personalty, and, therefore, that the executors do not take *jure representationis*. For this the case of *Tugman* v. *Hopkins* (4 M. & G. 389) was cited, but it will be found that TINDAL, C. J., expressly rests his judgment on the fact that the will then before the court was made under a power. The passage I refer to is as follows (p. 400) : ' But then it is said that although these accumulations were not disposed of by the wife, yet, executors having been appointed, the law vested the money in them. But the authority of these executors is only co-extensive with the power given by the will, for the executors here do not take *jure representationis*, but under the power which the wife was authorized to exercise by making a will as to this particular property.' But I have shewn that in this case the will is not made under the power, but by virtue of the right which a married woman has to make a will in respect of her separate property. By appointing an executor her separate personal estate vests in him to be got in by him, and applied either according to the provisions of the will or as the law directs."

The order must be affirmed, with costs.

WOODWARD, GAYNOR, RICH and MILLER, JJ., concurred.

Order of the Surrogate's Court of Westchester county affirmed, with ten dollars costs and disbursements.