In the Matter of the Probate of the Will of HAGOP A.
POONARIAN, Deceased.

RICHARD MARLOWE et al., Appellants; JHUNPUSH ILL-
WANIAN et al., Respondents.

**Will — rules of construction — when will made sixteen years
before death of testator disposing of property if he died while
on contemplated journey contingent and of no effect after his
safe return.**

1. In the construction of wills courts must take what the maker,
himself, says in the instrument without changing language, punctua-
tion or grammar to carry out what may be thought was intended.
Safety lies in giving to the words used by the testator their natural
and everyday meaning and stopping there if they be intelligible.

2. Where a decedent sixteen years before his death and while
contemplating a trip to Constantinople made a will disposing of
specified merchandise used in his business " if anything happen to
me in Constantinople or in ocean," and it appears that he made the
trip, returned in safety and continued the same business down to the
time of his death, it not appearing what happened to the merchandise
specified in the will, it must be held that the will was to take effect
only in case anything happened to him on his trip, and as he returned
to his home and the condition was never met or fulfilled the paper
ceased to be a will.

*Matter of Poonarian*, 201 App. Div. 288, reversed.

(Argued November 21, 1922; decided December 12, 1922.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
May 3, 1922, which reversed a decree of the Monroe
County Surrogate's Court denying probate to a paper
propounded as the last will of Hagop A. Poonarian,
deceased, and remitted the matter to the said Surrogate's
Court for further proceedings.

*George A. Carnahan* for appellants. If the language
of the will is simple and unambiguous, there is no place
for construction of its terms and it will be refused pro-

bate. (*Parsons* v. *Lanoe*, 2 Ambl. 557; 1 Ves. 190; *Sinclair* v. *Home*, 6 Ves. 606; *Matter of Todd*, 2 W. & S. 145; *McGee* v. *McNeil*, 41 Miss. 17; *Maxwell* v. *Maxwell*, 60 Ky. 101; *Dougherty* v. *Dougherty*, 61 Ky. 25; *Roberts* v. *Roberts*, 2 Sw. & Tr. 237; *Matter of Robinson*, L. R. 2 P. & D. 171; *Matter of Winn*, 7 Jur. [N. S.] 764; *Dougherty* v. *Holscheider*, 40 Tex. App. 31; *Wagner* v. *McDonald*, 2 H. & J. [Md.] 295; *Oetjen* v. *Deimmer*, 115 Ga. 1005.) When the courts attempt to construe the language of a will to determine whether it is conditional or not, the question always is, whether the testator expressed the occasion or the inducement for making a will; or his intention that the will should not operate except upon the happening of an event. (*Goods of Porter*, L. R. [2 P. & D.] 22; *Robnett* v. *Ashlock*, 49 Mo. 171; *Damon* v. *Damon*, 8 Allen, 192; *Likefield* v. *Likefield*, 82 Ky, 589; *Bradford* v. *Bradford*, 4 Ky. L. R. 947; *Redhead* v. *Redhead*, 83 Miss. 141; *Matter of Thorne*, 11 Jur. [N. S.] 639.)

*Eugene Van Voorhis* for respondents. While the will is crude and illiterate in form, it shows that the testator had in mind to make a complete and final disposition of his estate. There is nothing in the will which indicates any temporary arrangement of his· affairs. This fact, coupled with the fact that he lived for sixteen years after his return from the journey mentioned in the will, and carefully preserved this will, and made no other will, would seem to establish that this instrument expresses the continuing and final wish of the testator in the disposition of his worldly estate. (1 Redf. on Wills, 177; 1 Schouler on Wills, §§ 285, 286, 290; *Eaton* v. *Brown*, 193 U. S. 411; *Matter of Lindsay*, 2 Bradf. 204; *Thompson* v. *Connor*, 3 Bradf. 366; *Burton* v. *Collingwood*, 4 Hagg, 176; *Bateman* v. *Pennington*, 3 Moore P. C. 223; *Likefield* v. *Likefield*, 82 Ky. 589; *Bradford* v. *Bradford*, 4 Ky. L. R. 947; *Matter of Thorn*, 4 S. W. & T. R. 36;

1922.]        Opinion, per CRANE, J.        [234 N. Y. 329]

*Goods of Dobson,* L. R. [1 P. & D.] 88; *Goods of Mayd,* 6 P. & D. 17; *Tarver* v. *Tarver,* 9 Pet. 174; *Kelleher* v. *Kernan,* 6 Md. 440.)

CRANE, J.   On June 15, 1904, Hagop A. Poonarian, a rug dealer in the city of Rochester, N. Y., who was about to make a journey to Constantinople, wrote his will in a ledger kept by him in his business and had it witnessed by four of his acquaintances. It reads as follows:

" H. A. Poonarian Rugs and carpet Storage to Rochester Carting Co. ~~six~~ five Bale Rugs and one Bax agen rugs alltogether total 6 if any thing Happen to me in Constantinople or in ocean of all my will be I have four sisters and one Half Broders Mr. Deecran A. Poonarian his sher five Dolar th Balenc ~~equ~~ to be sher and sher alak Jhunpush Illwanian Gadar Zardian Toomy Ajaimian

" Taquhin Matosian            sher
            be Five
                        " HAGOP A. POONARIAN.

" Witnesses
    " C. IRVING PAGE
    " HOWARD L. SMALING
    " WM. H. BURNETT        ROCHESTER, N. Y. U. S. A.
    " E. E. BOYNTON              *June 15th,* 1904."

Poonarian went to Constantinople. He shortly thereafter returned to the city of Rochester where he continued to reside and carry on his business until the date of his death on the 27th day of October, 1920. What he did with the ledger containing his will during the sixteen years from its date to his death is not known. All that appears is that it was produced and the leaf containing the will offered for probate. The contestant is a half-brother who claims that upon the face of the instrument it is clearly conditional, and that the condition not having happened, the paper is no longer a

will. The surrogate of Monroe county agreed with the contestant and refused probate. The Appellate Division, however, disagreed with the surrogate and by a divided court reversed this determination.

In our judgment this will was to take effect as the last will and testament of Hagop Poonarian only in case anything happened to him while on his trip to Constantinople. As he returned to his home in Rochester in safety and the condition was never met or fulfilled, this paper ceased to be a will and was not the will of Poonarian at the time of his death in 1920. We are led to this conclusion by the few simple rules which govern matters of this kind. In the first place it is an underlying principle that we must take what the maker, himself, says in the instrument without changing language, punctuation or grammar to carry out what we may think was intended. Safety lies in giving to the words used by the testator their natural and everyday meaning, and stopping here if they be intelligible. In this supposed will, we find Poonarian stating that his property consists of rugs which he gives, share and share alike, to his four sisters " if any thing Happen to me in Constantinople or in ocean."

Poonarian was contemplating a trip to Constantinople to buy rugs. He was an Armenian. He realized the dangers incident to the voyage and perhaps to life in Turkey. One of the witnesses to the will testified " at that time there was some trouble over there and he had to go through a war zone." He accumulated his personal property which consisted of rugs and put them in a storehouse in Rochester. These were articles of merchandise used in his business — he was in the rug business. He made his will in his account book stating that if anything happened to him on this voyage these rugs were to go to his four sisters. Nothing did happen to him on the voyage. He came back to Rochester where he continued for some years in the rug business. It is

1922.] Opinion, per CRANE, J. [234 N. Y. 329]

fair to assume that he took the rugs out of storage and used them. The storage of the rugs was a temporary affair incident to his going to Constantinople. The will also was a temporary disposition, conditioned upon Poonarian's dying or being killed while on his trip. The word " if " is used to introduce a condition or supposition. It means " in that case." No word that I can think of more clearly expresses a condition which may arise unless the word " condition," itself, is used. The testator could have said " in case anything happens to me in Constantinople or on the ocean " or he could have said " on condition that anything happens to me in Constantinople or on the ocean," but these phrases all mean the same thing, and in our judgment clearly indicate that the testator intended to give his rugs in the storehouse to his sisters only in case he died on his trip to Constantinople. What happened to these rugs after the testator's return we do not know. He continued in business and evidently accumulated other property. Where he kept this account book or what other books he had, is not revealed by the evidence. Whether this particular account book of the year 1904, in which the will was written, was treasured by him and kept in a place apart, or was discarded, we do not know.

As this alleged will specifies the particular journey which was to be undertaken and gives no indication on its face of a general disposition to be made of the testator's property in any event, we are inclined to think that the mention of the trip to Constantinople was not merely an inducement for the making of a will, a suggestion or reminder to the testator of the uncertainty of life, whereby he disposed of his property in any event, but was mentioned as a contingency, a chance that he might meet death on the trip, in which case he willed his property. If the contingency did not arise or the chance happen there was to be no will. Apparently he intended to use the rugs in his business when he returned. He

only meant to give away his rugs if he had no further use for them because of a fatal voyage.

The cases upon the question of conditioned wills are numerous and vary in results with the phraseology and wording of each instrument. The reading which we have given to this will finds support in *Eaton* v. *Brown* (193 U. S. 411); Alexander's Commentaries on Wills (sections 106, 113); *Magee* v. *McNeil* (41 Miss. 17); *Maxwell* v. *Maxwell* (60 Ky. [3 Metc.] 101); *Dougherty* v. *Holscheider* (40 Tex. Civ. App. 31); *Oetjen* v. *Diemmer* (115 Ga. 1005) and *Robnett* v. *Ashlock* (49 Mo. 171).

The order of the Appellate Division should, therefore, be reversed and the decree of the surrogate affirmed, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Ordered accordingly.