In the Matter of the Estate of GERTIE E. WEBB, Deceased.

Surrogate's Court, New York County, December, 1923.

Wills — contested probate — when surrogate must admit will to probate — will must be proved before investigation can be had of its legal effect — testatrix, contemplating a longer will, gave all her estate to husband " in absolute ownership "— testatrix died before execution of longer will — lack of evidence showing undue influence — when general verdict admitting will to probate will be directed — what is not a conditional or contingent will.

A surrogate must admit a will to probate if it is legally executed by a testator of sound mind and not under restraint regardless of the invalidity of any or all of its provisions.

A writing must first be proved as a duly executed will before there can be any investigation as to the legal effect of its terms.

A testatrix contemplating the making of a longer will devised and bequeathed all of her estate, both real and personal, including certain real and personal property which she had the power to dispose of under the will of her mother, to her husband " in absolute ownership, knowing that he will carry out my wishes in regard to the use and disposition of my property." The testatrix was advised by the scrivener of the will, an experienced attorney and one of the subscribing witnesses, as to the effect of the document, and she expressed confidence in her husband. Subsequently the longer will was drafted, but testatrix died before it was possible to execute the same. Upon a contested probate proceeding in which the testimony of the draftsman and the other subscribing witness was not contradicted there was no evidence that any effort was made by any one to induce the testatrix to make the will or to make it in the form in which it was drawn. Held, that with the record in this condition there was no alternative except to direct a verdict in favor of the proponent.

Such direction required the jury to answer the three questions as to the formality of the execution of the will in the affirmative; the question as to whether the testatrix was of sound mind in the affirmative; and questions as to whether the will was procured by undue influence or fraud in the negative. After four additional questions relating to the testatrix's understanding of the contents of the instrument were framed upon motion of the contestants and the jury directed to answer each in favor of the proponent, the proponent moved for a general verdict and for the admission of the will to probate and the contestants moved to dismiss the proceeding on forty-six grounds, summarized as follows: (1) That the will is wholly void because it creates an unlawful trust with unnamed beneficiaries; (2) that the paper propounded did not contain the

Surrogate's Court, New York County, December, 1923.        [Vol. 122

testamentary intentions of the testatrix and that it was a mere temporary instrument, conditional in its nature. Upon denying the motion to dismiss the proceeding and granting the motion for a general verdict and admitting the will to probate, *held*, that the instrument was neither a conditional nor contingent will.

CONTESTED probate proceeding.

*Coudert Brothers*, for proponent.

*Irving E. Burdick* (*William S. Woodhull*, of counsel), for Samuel J. Gorman, Sr., and S. Jennings Gorman, Jr., contestants.

*Cohalan & Cohalan* (*John P. Cohalan* and *Denis O'Leary Cohalan*, of counsel), for E. A. S. Hunter, William T. Hunter, Jr., and Irene A. Hunter Derbyshire, contestants.

FOLEY, S. This is a contested probate proceeding. At the completion of the trial, three questions of law remain for my determination: Is the script offered wholly void because it contains an invalid trust for unnamed beneficiaries of all the property? Is it a conditional will? Shall the will be admitted to probate?

Neither the proponent nor the contestants have requested a construction of the propounded paper. The surrogate suggested to the parties that such a request be made, but neither side took advantage of that suggestion. The surrogate is authorized, in a probate proceeding, to determine the " validity, construction or effect of any disposition " if a party expressly puts in issue such question. Surrogate's Court Act, § 145. Incidentally it should be pointed out that all the questions of construction as to the validity of the gift to the husband, whether it is a precatory bequest, whether it is absolute, whether it creates a constructive trust, or whether it is void, could promptly, and with a saving of expense to the estate, be determined in this proceeding. Thereby the necessity for a construction in a separate proceeding for that purpose, or in an accounting proceeding, or in an action in equity would be dispensed with. The will is contested by Mrs. Webb's father, half-brother and certain remaindermen under her mother's will. It was signed by her on the 21st day of August, 1923. It reads as follows:

" I, Gertie Emily Gorman Webb, wife of Charles Webb, of the City of New York, hereby make this my last will and testament.

" *First.* I give, devise and bequeath all my property and estate, both real and personal, including No. 226 Madison Avenue, in the City of New York, and the sum of $250,000, both of which I have power to dispose of under the Will of my mother, to my husband, the said Charles Webb, in absolute ownership, knowing that

Misc. 129]    Surrogate's Court, New York County, December, 1923.

he will carry out my wishes in regard to the use and disposition of my property.

"*Second.* I appoint my said husband and such Trust Company in the City of New York as he may select, to be the Executors of this my Will, and I direct that no bond or other security be required of them or either of them.

"*In Witness Whereof* I have hereunto subscribed my name and affixed my seal this 21st day of August, 1923.

"    GERTIE E. GORMAN WEBB    [L. s.] "

The facts are undisputed. The circumstances surrounding the preparation and execution of the instrument were testified to by Howard Thayer Kingsbury, an experienced attorney and the draftsman of the will. On the afternoon of August 21, 1923, pursuant to a telephone message, Mr. Kingsbury attended at the business office of Mrs. Webb at No. 280 Madison avenue, New York city. He found there Mrs. Webb, her husband and Wilson Woelpper, the other subscribing witness. Mrs. Webb stated that she had made a prior will before her marriage, and asked whether her marriage affected the validity of that will. She was informed that a recent statute had modified to a greater or less extent the effect of the provisions of the testament. She stated she desired to have a new will drawn by Mr. Kingsbury. She produced four pages of written notes setting forth detailed instructions with regard to the distribution of her property. These instructions involved the creation of several trusts; the gift of substantial amounts to Yale University and Barnard College, the gift of a public park, in memory of her mother, to the people of the city of New York, and the establishment of a fund for its decoration and embellishment; she desired to exercise a power of appointment given to her under the terms of her mother's will in certain real estate and personal property of the value of $250,000; she desired to make several bequests to various relatives. After the consultation had proceeded for about an hour or an hour and a half, Mr. Kingsbury told Mrs. Webb that " it would be impossible to prepare so elaborate an instrument that evening." It further appears that she did not have in her possession at the time her prior will or the will of her mother. Each of these documents, she was told, would be necessary for examination and use by the attorney in the careful and legal draftmanship of a new will. Her attorney explained that it was impossible for him, in the short time available, to draft the instrument with the thoroughness which she contemplated. Both her husband and the attorney urged that the making of a will be postponed by her, but she insisted upon its immediate execution. She said: " I cannot sleep tonight,

unless I have made a will. I want to make a will today." She said further that she did not want to die without a will. Her attorney then advised her that he could draw a short simple will in which she might leave all her property to some one person, with a request to that person that he carry out her wishes. No suggestion was made by him as to any particular person. She said: "Do it that way." Before the preparation of the propounded paper, the attorney asked her: "Whom do you wish to leave your property to in that way, trusting to him or them to carry out your wishes?" She said to her husband. Then he asked the husband: "If Mrs. Webb leaves her property to you to carry out her wishes, will you carry them out?" and he answered, "Of course I will." Thereupon Mr. Kingsbury drafted the paper here propounded.

She was fully advised by her attorney as to the effect of this document; that it gave to her husband all her property *in absolute ownership;* that it was a matter of his honor and good faith to carry out her wishes; that he believed a court of equity would enforce the obligation that Mr. Webb had assumed; that the question for her to decide was whether she could trust him to do it. She expressed that confidence in him. Thereupon the will was duly executed by the testatrix and witnessed by Mr. Kingsbury and Mrs. Webb's cousin, Wilson Woelpper. Subsequently the longer will was drafted, but she died before it was possible to execute it.

The testimony of the draftsman and the other subscribing witness stands uncontradicted. Absolutely no testimony was offered by the contestants upon any of the issues in the proceeding. There is no evidence of fraud or undue influence exercised by the husband upon Mrs. Webb. There is no evidence that any effort was made by any one to induce the testatrix to make the will or to make it in the form in which it was drawn. Complete intestacy gives the husband one-half the estate outright. Partial intestacy, by reason of the revocation as to him by the marriage subsequent to the prior will, vests in him the same share of the estate. Decedent Estate Law, § 35. Instead of benefiting by the probate, he will ultimately suffer a substantial loss in carrying out his wife's wishes. With the record in this condition the surrogate had no alternative except to direct a verdict in favor of the proponent on the questions framed. *Matter of Case,* 214 N. Y. 204; *Matter of McGill,* 229 id. 405, 410; *Matter of Price,* 236 id. 656, affg. 204 App. Div. 252; *Matter of Burnham,* 234 N. Y. 475, affg. 201 App. Div. 621. This direction required the jury to answer the three questions as to the formality of the execution of the will in the affirmative

MATTER OF GERTIE E. WEBB. **133**

Misc. 129]   Surrogate's Court, New York County, December, 1923.

the question as to whether the testatrix was of sound mind in the affirmative; the questions as to whether the will was procured by undue influence or fraud in the negative. Upon motion of the contestants, four additional questions relating to the testatrix's understanding of the contents of the instrument were framed and answers directed in favor of the proponent. After these determinations, the proponent moved for a general verdict and for the admission of the will to probate, and the contestants moved for a dismissal of the proceeding on forty-six grounds. But all these grounds may be summarized as follows: (1) That the will is wholly void because it creates an unlawful trust with unnamed beneficiaries; (2) that the paper propounded does not contain the testamentary intentions of Mrs. Webb, and that it was a mere temporary instrument, conditional in its nature. The motion to dismiss the proceeding is denied. The motion for a general verdict is granted, and the will is admitted to probate.

It is the established law of this state that a surrogate must admit a will to probate if it is legally executed by a testator of sound mind and not under restraint, regardless of the invalidity of any or all of its provisions. As a ground for the denial of probate the surrogate will not pass upon the legality of the language of the script. The writing must first be proved as a lawfully executed will before there can be any investigation of the legal effect of its terms.

The leading case upon this rule is *Matter of Davis*, 182 N. Y. 468, affg. 105 App. Div. 221. In that probate contest the only ground relied upon to defeat the will upon the trial was the fact that the sole devisee, sole legatee and sole executrix named therein had died before the testatrix. As a disposition of the property, or a designation of a representative to administer the estate, the will was, therefore, entirely ineffectual. The Court of Appeals held that the surrogate had no power to refuse to admit the will to probate unless there was a failure to prove the statutory requirements. In his opinion, Judge Vann points out that the surrogate must be " satisfied with the genuineness of the will, and the validity of its execution," and that the provisions of the Code at that time were: " If it appears to the surrogate that the will was duly executed; and that the testator, at the time of executing it, was in all respects competent to make a will and not under restraint; it must be admitted to probate, as a will valid to pass real property or personal property, or both, as the surrogate determines, and the petition and citation require, and must be recorded accordingly." Former Code Civ. Pro. §§ 2622, 2623; later § 2614. These provisions are now contained in section 144 of the Surrogate's Court Act.

The opinion further states: " The statute contemplates that unless the will is admitted to probate there is no power to construe it.  Probate logically precedes construction, for otherwise there is no will to construe.  There is no authority to construe the will for the purpose of defeating probate, although it may be examined to discover its bearing upon questions relating to its execution, the capacity of the testator and the like.  Were the rule otherwise singular results might follow.  If the only disposing clause of a will should devise and bequeath all the property of the testator to a trustee for one hundred years, the surrogate could not refuse to admit it to probate because the gift was void under our statutes, although it would be apparent upon the face of the instrument.  It would be his duty to admit the will to probate upon due proof of the statutory requirements, and, if asked to construe it, to pass upon the validity of the gift afterward."

And the court approves the language used below in the opinion of the Appellate Division that " Any other rule would lead to confusion and to the introduction of false issues in the probate of wills."

This principle of probate law has been inflexibly followed and finds application in many varied forms of wills.  For example, the reading of Mrs. Webb's will discloses that in the 2d paragraph she expressly nominated an executor.  If it contained nothing else but this nomination, and made no mention of any disposition of property, it would be entitled to probate.  *Matter of Emmons*, 110 App. Div. 701.  The learned and comprehensive opinion of Presiding Justice Jenks in *Matter of Maccafil*, 127 App. Div. 21, contains numerous decisions and quotations from writers on probate law sustaining this rule.  See, also, Schouler Wills (6th ed.), 420; Davids N. Y. Law of Wills, 725; Heaton Surr. (4th ed.) 252.  The rule finds application also where the will contains no disposition of the property, but simply the appointment of a guardian (*Matter of Meyer*, 72 Misc. Rep. 566); where the will had been rendered completely ineffectual in law by reason of the birth of a child after execution (*Matter of Bunce*, 6 Dem. 278); where prior mutual wills were executed and claimed to be irrevocable by the contract between the testators.  *Matter of Hermann*, 178 App. Div. 182; affd., 222 N. Y. 564; *Matter of Hawes*, 119 Misc. Rep. 359.

The contestants rely upon the decision of *Reynolds* v. *Reynolds*, 224 N. Y. 429, as sustaining their contention that the will should be denied probate.  On the contrary, that case is authority for the admission of the will.  In the will there involved, one paragraph contained a trust, which was held to be illegal.  The appeal came up from a judgment in an action for the construction of the

will, not in a probate contest.   The opinion of Judge Pound (p. 432) points out that the will, including the invalid provision, " was duly admitted to probate."   His statement that the will was ineffectual for any purpose was limited to the determination as a matter of interpretation only.

An examination of the many authorities cited by the contestants and an independent investigation of other decisions fail to disclose a single case where a will properly excuted was denied probate on any of the grounds raised here by the contestants.   In view of my determination that the will must be admitted to probate, and as there is no question of construction before me, it is unnecessary to discuss the validity of the gift of the property to the husband.

The second ground urged by the contestants for the dismissal of the proceeding, that the will was temporary and did not contain the testatrix's real intentions, must likewise be overruled.   The evidence of Mr. Kingsbury, recited above, uncontrovertibly established that the paper offered is her last will and testament. No evidence was submitted by the contestants to contradict Mr. Kingsbury's version of his advice as to the scope and effect of the paper, and the testatrix's comprehensive understanding of the terms and consequences of the instrument.   It would appear that the surrogate's direction of a verdict on the question as to the testatrix's understanding of the terms of the will disposed of that issue.

The will is not a conditional or contingent will.   A conditional will must contain the condition upon its face.   *Ex parte Lindsay*, 2 Bradf. 204; *Matter of Poonarian*, 234 N. Y. 329.   A formal will cannot be rejected because the testator before or at the time of its execution contemplated a subsequent or different disposition of his property.   A will in its nature is ambulatory until death, but if unrevoked or not modified by a subsequently executed will or codicil, it must be admitted to probate.   So long as the propounded paper is the last expression of a person's testamentary intent, it cannot be refused probate because it was intended to be subsequently changed by him.   In a very recent case (*Matter of Burnham*, 234 N. Y. 475, affg. 201 App. Div. 621) the facts were much similar to those here.   The testatrix there, at the time of the execution of the contested paper stated that she was not entirely pleased with her testament, and that when she got well she would make another one.   In spite of this reservation, the will was admitted.   See, also, *Pettit* v. *Pettit*, 149 App. Div. 485; *Matter of Beebe*, 6 Dem. 43.   If a will could be contested upon the ground that the testator did not understand the legal effect of technical provisions or phrases in the instrument, a new and fertile source

of depleting estates, delaying probate and compelling settlements would be developed. The consequences are appropriately stated in *Atter* v. *Atkinson*, L. R. 1 P. & D. 664, 670: "Suppose that a long will, with a number of complicated arrangements, is read to a competent testator, and is executed by him; if we were permitted, some time after his death, to enter into a discussion as to how far he understood and appreciated the bearings of all the different parts of the will, we should upset half the wills in the country."

The contestants cite the case of *Delafield* v. *Parish*, 25 N. Y. 9, to the effect that the surrogate must not strain after probate, and that the heirs can rest securely upon the Statutes of Descent and Distribution. While that case contains an excellent discussion of the principles of probate law, much of its language has been limited by more recent progressive decisions. The peril of accepting extracts from it as accurate statements of modern probate law may be found in the observations of the courts in *Matter of Barney*, 185 App. Div. 782, and *Matter of Eno*, 196 id. 131.

The paper offered must be held to be the last will and testament of Gertie Emily Gorman Webb, and is admitted to probate.

Submit decree accordingly.

Decreed accordingly.