In the Matter of the Estate of EDWARD LANGER, Deceased.

Surrogate's Court, New York County, August 10, 1935.

*C. Walter Randall* [*Gilbert P. Brush,* of counsel], for the proponent, Ellen Langer

*Weller, Rogers & Bergen* [*Henry Selden Weller* of counsel], for the proponents President and Directors of The Manhattan Company and Milton L. Rubel.

*Theodore W. Richie* [*George J. Gruenberg,* of counsel], for the contestants.

DELEHANTY, S. Deceased made several wills. One disposed of his American property, another of his German property. The two papers now propounded are offered as wills disposing of his Swedish and of his Norwegian property respectively. The question presented is whether the wills are conditional and, by reason of the non-performance of the condition, without legal effect.

Deceased was not in active business. He was a man of substantial means and apparently traveled considerably. He left New York city on a trip in which he intended to cover the west coast of the United States and the southern tier of States including Florida. When he was in California he wrote the holographic instruments here offered for probate. Assuming that they are testamentary in character, and that no other reason for denial of probate exists, they are valid under the laws of California and hence entitled to probate here.

It is conceded that deceased was in California at the time the instruments were written. It is conceded that thereafter he returned in sound health from the west coast; that he stayed in Florida for a season; that he bought real property there and made plans to build for himself a home there; and that subsequently he went to Europe where he died.

There are some slight differences between the so-called Swedish will and the so-called Norwegian will such as might easily arise in the writing of separate papers dealing with the same general subject matter. No point is made of this slight difference in text and none could validly be made. Each is written in the German language. Considerable testimony was taken as to the meaning of the words and phrases used and the experts called for the respective parties attribute somewhat different meanings to the text.

The clause which is chiefly in controversy has been interpreted by proponent's experts as meaning: " Should a misfortune befall me on my journeys and I thereby lose my life." Contestants' experts say that the same phrase means: " Should on my travels an accident befall me and I therein lose my life." Contestants argue that the instruments were written in apprehension of a particular hazard upon a particular journey and that since no acci-

dent or misfortune befell deceased upon that journey, the instruments, if dealt with as testamentary in character, have no validity. They deny too that the instruments are testamentary and attribute to them only an instruction respecting the handling of personal assets rather than the disposal of them.

The instruments are plainly testamentary in character. No specific form of words is required in the drafting of a will. This man's care in the separate disposal of his German and of his American properties lends circumstantial guarantee that he understood the instruments in controversy to be testamentary. Their text establishes the fact even without that background. The lack of the word " privat-testament," which appears at the head of the German will, is of no consequence.

The real question is whether the wills are conditional. The court holds that they are not. Courts do not incline to regard a will as conditional where it reasonably can be held that the testator was merely expressing his inducement to make it although his language, if strictly construed, would express a condition. (*Eaton* v. *Brown*, 193 U. S. 411; *Damon* v. *Damon*, 8 Allen, 192, 197; *Dobson's Case*, L. R. 1 P. & D. 88; Alexander Commentaries on Wills, vol. 1, § 107; *Thompson* v. *Connor*, 3 Bradf. 366.)

Here the condition, if it can be called one at all, is not attached to the substance of the gift. The court is of opinion that the quoted language, no matter which translation is accepted, does not constitute a condition. It is merely a statement of the inducement which led to the writing of the instruments. There is not to be found in it the statement of a specific hazard or of a specific contingency such as was found in *Matter of Poonarian* (234 N. Y. 329) upon which contestants rely. In the case last cited the will disposed of rugs which were the business capital of testator. His will purported to distribute these rugs if he lost his life on a trip to Constantinople which he was then contemplating. The court points out that the will there was of necessity conditional since it could not be supposed that it would continue to be effective beyond the return of the testator and his immediate business need for the rugs which were alone the subject of the will. The opinion in that case emphasizes the general rule that mere matters of inducement though phrased conditionally do not constitute a condition which requires rejection of a will.

Submit on notice decrees admitting the propounded instruments as the wills of deceased affecting his Swedish and his Norwegian properties respectively.