In the Matter of the Probate of the Will of GEORGE M. JOHNSTON, Deceased.

Surrogate's Court, New York County, January 24, 1945.

*Raymond A. Carter* for Earle H. Balch, petitioner.

*Flynt & Sully* for Percival Moore, respondent.

*Francis R. Curry* for Francis D. Moore and another, respondents.

FOLEY, S. Various preliminary contentions have been raised in this proceeding for the probate of the joint, mutual and reciprocal wills of the testatrix and her husband, J. Stoddard Johnston, who died April 29, 1944. The proceeding here involves the will of the surviving wife. Despite her apparent masculine given name, she was of the feminine sex. She died approximately three months after her husband on July 16, 1944. The instrument has not as yet been propounded as the will of the husband because of the necessity of identifying a proper proponent who should be the legal representative appointed in the wife's estate.

Under the form of the testamentary instrument, in paragraph second, the testator and the testatrix gave all of the property of the one first dying to the survivor absolutely. There was an alternative disposition in the event of the death of the survivor which is hereinafter discussed.

The first contention of one of the respondents, a brother and one of the next of kin of the testatrix, is that the will was conditional and should be denied probate upon that ground. In order to defeat a will the condition or contingency must appear upon the face of the instrument. (*Matter of Poonarian*, 234 N. Y. 329; *Matter of Webb*, 122 Misc. 129, affd. 208 App. Div. 793; *Ex parte, Lindsay*, 2 Bradf. 204.) The usual condition of an intent to confine the instrument to the contingency of death upon a particular voyage contemplated by the testator appeared upon the face of the will in *Matter of Poonarian*, (*supra*) and

was held to compel a denial of probate where the death occurred long after the completion of the voyage.

There is no condition or contingency on the face of the instrument here involved which would defeat probate. *Matter of Poonarian* (*supra*) is therefore inapplicable here. This contention of the brother is therefore overruled.

Further contention is made that the instrument was not testamentary in character. The proofs taken in support of the validity of execution, on the other hand, unequivocally establish that the instrument was intended to be executed by the parties as a joint will and that the requirements of our Statute of Wills were obeyed. As a joint, mutual and reciprocal will it is entitled to probate in this proceeding. (*Rastetter* v. *Hoenninger*, 214 N. Y. 66; *Matter of Hermann*, 178 App. Div. 182, affd. 222 N. Y. 564; *Hermann* v. *Ludwig*, 186 App. Div. 287, affd. 229 N. Y. 544; Page on Wills [Lifetime ed.], § 104, p. 223.)

A further contention is made that paragraph third of the will constitutes a condition requiring a construction before probate. In general that paragraph provided that in the event of the simultaneous deaths of husband and wife in a common accident '' or the death of one of us and the death of the survivor before the due legal probate of this last will and testament has been accomplished '' there was a gift over to a friend of the parties, one Earle H. Balch. As noted above, the surviving wife lived only a short time after her husband and died before his will was even offered for probate. Under paragraph fifth of the propounded will Mr. Balch was appointed as alternative executor under similar conditions to those set forth in the third paragraph.

This contention is likewise overruled. It is an elementary principle of the law of wills in this State that probate must precede construction. (*Matter of Davis*, 182 N. Y. 468, affg. 105 App. Div. 221.) That case and other authorities dealing with this rule were reviewed by me in my decision in *Matter of Webb* (*supra*).

The will is therefore admitted to probate and the decree accordingly signed.

That decree has reserved for determination by supplemental decree the construction of the will in two aspects: (1) The first question presented is whether the appointment in the will of Mr. Balch as alternative executor became effective. The husband and wife did not die as the result of a common accident.

It is contended by Mr. Balch on the one hand that he is entitled to letters testamentary under the language of para-

graph fifth of the will because the surviving wife died before " due legal probate " was accomplished and that death from a common accident was not imposed as an essential condition precedent. On the other hand, those in opposition to his claim urge that the direction authorized his appointment only in the event that the death of the survivor, before such " due legal probate " was accomplished, occurred as the result of a common accident. If the death of the survivor of the parties as the result of a common accident was an essential condition precedent to his appointment it will necessarily lead to the granting of letters to some qualified and competent person as the administrator with the will annexed.

(2) The second question involves the construction of the bequest of the entire net estate of the testatrix to Mr. Balch under the same conditions and tests as apply to his right to act as executor.

(Other directions included in the original decision of the Surrogate omitted because of their subordinate importance.)

Proceed accordingly.