In the Matter of the Probate of the Will of GEORGE M. JOHNSTON, Deceased.

Surrogate's Court, New York County, April 25, 1945.

*Raymond A. Carter* for Earle H. Balch, petitioner.

*Flynt & Sully* for Percival Moore, respondent.

*Francis R. Curry* for Francis D. Moore and another, respondents.

FOLEY, S. This is a probate proceeding wherein two general questions were presented. First, was the will of the testatrix entitled to admission? Secondly, if admitted, the construction of its terms.

Despite her apparent masculine first name, the decedent was of the feminine sex.

The testatrix and her husband, J. Stoddard Johnston, executed joint, mutual and reciprocal wills at the same time. Each of the duplicate originals was signed by both husband and wife. Both documents were attested by the same subscribing witnesses. The husband died first, on April 29, 1944; the wife died less than three months after her husband, on July 16, 1944. The husband and wife left no children or other descendants.

Objections to probate were filed by a brother of the testatrix and by a nephew, a child of a deceased sister, and by a niece, the child of a deceased brother. They are her only next of kin.

I overruled the objections to probate based upon contentions (1) that the will was conditional; (2) that the instrument was not executed in accordance with the requirements of our Statute of Wills, and (3) that a construction of the will should be made before its probate. (*Matter of Johnston*, 186 Misc. 533.)

Thereafter, the decree admitting the will to probate was signed. That decree reserved for determination, by supple-

mental decree, the construction of the will in two aspects: (1) Whether under the terms of article third the alternative bequest of the entire net estate to Earle H. Balch became effective; (2) Whether under the terms of article fifth the appointment of Mr. Balch as alternative executor with the same conditions and tests as applied to his status as sole legatee became effective.

Under article second of the will there was a gift of all the property outright to the survivor of the couple. Under article fourth the survivor was appointed executor or executrix.

The general contentions of the next of kin are that the provisions contained in both articles third and fifth for the substitution of Mr. Balch as the sole legatee and for his appointment as executor were conditioned upon the death of the survivor from a common accident and did not extend to the subsequent death of the survivor from a natural cause. Both husband and wife died from natural causes. The further contention is made that even if the will be construed as contemplating a condition which might have permitted Mr. Balch to take as sole legatee and to be appointed executor, his rights were forfeited by the fact that under the terms of the will he could only take and act in the event that the will of the survivor was admitted to probate within a reasonable time after the death of the spouse first dying and that there was undue delay in probate between the death of the husband and the death of the wife. In general, the next of kin seek a determination that the will is wholly ineffective, that an administrator *c. t. a.* be appointed and that the net estate passed by intestacy.

Article third, which relates to the substitution of Mr. Balch as sole legatee, reads as follows: "*Third:* And We further provide that in the event of both of us, at the occurence [*sic*] of an accident or otherwise, leaving this life at the same time, or the death of one of us and the death of the survivor before the due legal probate of this last will and testament has been accomplished, after all debts and expenses are paid as above contemplated, We give, devise and bequeath all Our property, whatsoever, real, personal and mixed and wheresoever the same may be situate, of which We may be seized or possessed to Our friend, Earle H. Balch of Redding Center, Connecticut whose place of business is 2 West 45th Street, New York, N. Y., to his own absolute use forever."

By article fifth Mr. Balch was designated as substitute executor under conditions identical with those governing his status as sole legatee in article third.

The Surrogate holds that Mr. Balch is entitled to take the net estate as the sole legatee named in the will and that as the substitute executor he is entitled to letters testamentary.

As stated above, Mr. and Mrs. Johnston left no children or other descendants. It is an undisputed fact in the proceeding, established by competent extrinsic evidence, that Mr. Balch was a special object of bounty of both husband and wife and had been treated by them as a son for a period of over fifteen years.

I find no intent in the language of the articles under construction to make the death of the survivor from a common disaster the exclusive condition for the alternative designation of Mr. Balch as sole legatee and as executor. The contrary intent is clearly evidenced by the opening clause of the two articles: " And We further provide that in the event of both of us, at the occurence [sic] of an accident or otherwise, leaving this life at the same time, or the death of one of us and the death of the survivor before the due legal probate of this last will and testament has been accomplished * * *." (Italics mine.) It should be noted that all of the conditions, including the death of the survivor, are closely located and are contained in a single sentence. The phrase " at the occurence of an accident or otherwise " was intended to apply not only to simultaneous deaths from an accident or catastrophe, but also from natural causes. That same phrase likewise applied to the death of the spouse first dying and the death of the survivor. The use of the disjunctive " or otherwise " clearly speaks of successive deaths from any cause whatsoever, natural as well as accidental. The conditions in the will must be construed as if written as follows: " In the event of the simultaneous deaths of both of us or the death of one of us and the death of the survivor as a result of a common accident or from natural causes before the due probate of this will, we give all our property to Earle H. Balch." The next of kin here would have the Surrogate disregard the words " or otherwise " by striking them from the will. The disjunctive " or " must be given full significance. (*Matter of Haliday*, 184 Misc. 668; *Matter of Duffy*, 143 Misc. 421.) As stated by Judge CARDOZO in *Matter of Buechner* (226 N. Y. 440, 443–444), " Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. Excision is a ' desperate remedy ' (*Adams* v. *Massey*, 184 N. Y. 62, 69). * * * We need no canon of constructicᵣ to justify that holding except, indeed, the primary one, to wᵗ h all others are subordinate,

that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail * * *.''

Upon the further question as to the condition of death of the survivor before '' due legal probate '' of the husband's will, the Surrogate holds that the word '' due '' was used in its ordinary sense, as '' lawful '', '' regular '' or '' proper ''. (Black's Law Dictionary [3d ed.]; Webster's New International Dictionary [2d ed.].) Such is its meaning in the phrase '' due process of law ''. Under this interpretation the mere fact of the death of Mrs. Johnston before the actual probate of her husband's will vested her property in Mr. Balch as sole legatee. But, even if time was the test, as urged by counsel for the next of kin, the special circumstances and the lapse of less than three months between the deaths of the parties do not prevent a vesting in Mr. Balch, since there was no undue delay. The conceded facts show that the husband was a legal resident of New York and died in Connecticut and that his will was delivered on June 26, 1944 (about two months after his death), by the widow to her attorneys for the purpose of taking steps to effect its probate. Her attorneys attempted to locate the next of kin of the husband and particularly the nephews and nieces, for the purpose of incorporating their names and residences into the petition for probate. Their attempts continued to the date of her death. There is no fixed statutory period when a will is required to be filed for probate. Nor could there be any such fixed period imposed by judicial rule because what is a due time, necessarily, depends upon the special circumstances of each estate.

When the true state of the facts is examined, the contention that any delay in probate on the part of the surviving wife should be used to defeat the gift to Mr. Balch becomes illogical. If she desired to expedite probate she was the sole person interested, since she could make a new will and bequeath all her property to any person selected by her. If she chose to postpone probate, it was clearly consistent with her own testamentary directions that, in the event of her death before the probate of her husband's will, Mr. Balch should take. The privilege of postponement was therefore hers and her next of kin are estopped to challenge her conduct.

Finally, the simple terms of the will of Mrs. Johnston should be emphasized. She intended to make her husband, if he survived her, the sole legatee and her executor. He predeceased her and the terms of her will in those respects became ineffective. Thereupon her designation of Mr. Balch as substituted sole legatee and his appointment as alternative executor became

operative. In the face of the express terms of the will and the fitting in of the true facts at the death of Mrs. Johnston with the conditions contained in the will, it is illogical and unreasonable to believe that Mr. Balch was not intended to be the sole beneficiary of the survivor. By his designation intestacy clearly was intended to be prevented as to the property of either spouse. " There is a struggle always to avoid intestacy * * *." (CARDOZO, J., in *Waterman* v. *N. Y. Life Ins. & Trust Co.*, 237 N. Y. 293, 300.) " Having gone to the trouble to make the will, she cannot be presumed to have intended to die intestate as to the bulk of her property. The mere fact that she made her will raises a strong presumption to the contrary." (*Matter of Forde,* 286 N. Y. 125, 128.)

The decisions relied upon by the next of kin have no application to the facts here. The terms of the will under interpretation are distinguishable from the language of the wills in the cases cited by the next of kin. Specifically, *Matter of Bull* (175 Misc. 197) is distinguishable. Neither is the decision in *Ralyea* v. *Venners* (155 Misc. 539) of any particular weight under the special language of the will and the distinctive facts here.

The decisions which deal with a mutual will of the person first dying have not the slightest application to our situation. They may be given some consideration in the construction of the husband's will when it is admitted to probate. The initiation of the proceedings for the probate of his will awaits the appointment of a legal representative of the estate of the testatrix in order that a proponent with a proper status could apply.

Submit supplemental decree on notice construing the will accordingly.