In the Matter of the Probate of the Will of T. B., Deceased.

(*Surrogate's Court, Kings County, Filed January, 1892.*)

WILL—PROBATE—LIBELOUS CLAUSE.

> A will should not be permitted to be made a vehicle for libel or contumely, and when such design plainly appears from the context, such matter, in so far as it is not dispositive, should be refused probate and record.

Probate of will.

Fromme Bros., for proponents; Robert Payne, for special guardian.

ABBOTT, S.—The special guardian for the infant in this proceeding filed objections to the probate of the last clause of this will on the ground that such clause was superfluous and libelous, and should be refused probate and record.

It reads substantially as follows: "Item. And whereas one of my sons * * * is deceased, and there is a child in existence, which is claimed to be his, and which is named * * * now it is my will that no portion of my estate, real or personal, shall go to or belong to him, his heirs or representatives."

The son mentioned in the "item" aforesaid had not lived happily with his wife, and they had separated after a son had been born to them, whose custody was awarded to the mother, and who is designated as the "child in existence" in said "item;" but upon the hearing in this matter the proper and ceremonial marriage of this son and the legitimacy of his child were admitted in the broadest and fullest manner by the proponents herein, who are also sons of the testator.

The testator disposes of his entire estate, both real and personal, by the clauses of his will which precede this "item;" consequently said "item" effects a disposition of no part of his estate.

A will is an instrument which disposes of one's property, to take effect after death, and should not be permitted to be made a vehicle for libel or contumely, and when such design plainly appears from the context, such matter, in so far as it is not dispositive, should be refused probate and record.

The same reasoning would apply to the opproprious designation of a beneficiary in a will. A beneficiary ought not to be compelled to take a legacy *cum onere*. The opprobrious designation should not be probated or recorded; the dispositive words only should be admitted.

I have been unable to find any case in this State in which this point has been passed upon, but there have been cases elsewhere which establish that probate of part of a properly attested will may be decreed while the rest is rejected, and it would appear that something superfluous may be expunged from a properly executed will, though the right to insert words or reform a sentence is denied. Schouler on Wills, sec. 219; Rhodes v. Rhodes, L. R., 7 App. Cas. 192; Allen v. McPherson, 1 H. L. C. 208; Fawcett v. Jones, 3 Phill. 455; Morris v. Stokes, 21 Ga. 552.

After referring to the English practice of excluding portions of a will from probate under certain conditions, Redfield on Wills, Vol. II, p. 43 (ed. 1866), says: "And we see no reason why the same course should not be pursued here. But it has been held that the court cannot, even with the consent of all parties interested, expunge from the probate any parts of the will which constitute *operative portions* of the instrument. But *offensive passages* have sometimes been allowed to be omitted from the probate, when the omission does not change the legal effect." *In re* Wartnaby, 1 Robertson's Ecc. Rep. 423; see also 1 Williams on Executors, 6th Am. ed., p. 443, and cases cited.

Following the doctrine of these authorities, it seems manifest to me that as this "item" contains no testamentary disposition and is not a necessary or operative part of the will, but simply casts an unwarranted slur upon an innocent child, it should be refused probate and record.

Let decree be presented accordingly.