---

In re FRASER et al. In re LATHAM'S WILL. In re ALLEN. (No. 6542.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 111*)—CHARGES AND CREDITS—COUNSEL FEES.

One of the three executors named in a will, who, with the other two executors, retained attorneys to present the will for probate, where it was met with what appeared to be serious opposition by the testator's widow, and who during the contest became dissatisfied with the attorneys, and retained another firm of attorneys to assist in the proceeding, who cooperated and consulted with the first attorneys in preparing for trial, was entitled to reimbursement out of the estate for the legal services of the attorneys retained by him in good faith, whose services were reasonably calculated to benefit the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 448–462; Dec. Dig. § 111.*]

2. EXECUTORS AND ADMINISTRATORS (§ 111*)—EXPENSE OF ADMINISTRATION—RESISTING OBJECTION TO APPOINTMENT.

An executor, named in a will, has the right to insist upon the issue to himself of letters testamentary, as it tends to carry into effect the declared wish of the testator, and his expenses in resisting objections to his appointment as executor are a proper charge against the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 448–462; Dec. Dig. § 111.*]

Dowling, J., dissenting in part.

Appeal from Surrogate's Court, New York County.
In the matter of Charles Fraser and others, as executors of the estate of John C. Latham, deceased. From so much of a decree of Sur-

rogate's Court as refused to allow his claim for legal expenses as executor, Harry Allen appeals. Modified and affirmed.

See, also, 163 App. Div. 958, 148 N. Y. Supp. 1116.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Joseph H. Choate, Jr., of New York City, for appellant.

Charles H. Tuttle, of New York City, for respondent.

SCOTT, J. The appellant, Harry Allen, appeals from so much of a decree of the Surrogate's Court as refuses to allow his claim to be reimbursed out of the estate for legal expenses rendered to him as executor of the last will and testament of John C. Latham, deceased. No question is made by the respondent as to the reasonableness of the amount claimed, the sole question being whether or not appellant is entitled to be reimbursed.

[1] The services claimed fall under two heads, to wit, those rendered to the appellant as one of the proponents of the will, and those rendered in resisting objections to his appointment as executor. Mr. Latham's will named three executors, this appellant and two others. These retained a firm of attorneys to present the will for probate, and they were met with what appeared to be serious opposition to the probate on the part of the widow of the testator. As the contest progressed, appellant became dissatisfied with the manner in which it was being conducted on behalf of the proponents, and retained another firm of attorneys to assist in the proceeding. Both firms of attorneys thus retained were of high standing at the bar, their relations were cordial, and they co-operated and consulted in the most friendly manner in preparing for trial, which, as they reasonably expected, would be sharply contested. As it happened, however, the opposition to the probate collapsed when it came to trial, and the will was admitted to probate practically without opposition. The widow, however, carried on the contest so far as concerned the issue of letters testamentary to this appellant, and was successful in the Surrogate's Court; the letters being issued only after an appeal to this court, where the order of the surrogate refusing to issue letters was reversed.

It is certainly the right, although perhaps not the absolute duty, of a person named in a will as executor, not only to present the will for probate, but also to insist upon the issue to himself of letters testamentary. In so doing he but carries out the expressed wish of the testator, and the legal expenses necessarily incurred in the performance of this right are a proper charge against the estate. The multiplication of attorneys is, of course, to be deprecated, and the better course undoubtedly is that all of the executors shall be represented by the same attorneys. But, when several persons have been named as executors, a certain degree of personal and individual responsibility rests upon each of them as to the manner in which any opposition to the probate of the will shall be met, and when one executor is honestly, not capriciously, dissatisfied with the method of defense adopted by the original attorney for the executors, we are not prepared to say that he may not employ an additional and independent attorney. Whether or not he

shall be allowed the expense incurred in so doing must depend in each case upon his good faith, the reasonableness of his acts, and the benefits accruing to the estate therefrom. In the present case every indication points to appellant's good faith, his action in retaining additional counsel seems to have been reasonable, and we have no doubt that, if the contest had been as bitterly carried on as there was every reason to suppose it would be, the services of the counsel retained by the appellant would have proved beneficial to the estate.

[2] As to the expense incurred in obtaining letters testamentary, that seems to be even more clearly a proper charge against the estate. Again, it tends to carry into effect the declared wish of the testator. The fact that since the issue to him of letters testamentary the appellant has taken but little part in the administration of the estate has no real bearing upon the present controversy, especially in view of the fact that he has expressly waived and relinquished any claim for fees as executor. If he has failed in his duty as executor, the proper remedy would be to remove him. The reasonableness of the charges being admitted, we are of opinion that no sufficient ground was shown for refusing to allow them to the appellant.

The decree appealed from should be reversed, in so far as it confirms the report of the referee sustaining the objection to the abovementioned claims of appellant, and disallowing said claims, and said decree is hereby modified, so as to overrule said objections and allow said claims, and, as so modified, is affirmed, with costs to the appellant payable out of the estate.

CLARKE, McLAUGHLIN, and LAUGHLIN, JJ., concur. DOWLING, J., concurs in the allowance of the counsel fee for services rendered in the probate proceedings, but dissents from the allowance of the counsel fee for services rendered in resisting the objections to the appointment of the executor.