In the Matter of the Petition of ANNIE C. HAMLIN to Prove the Last Will and Testament of DENSLO D. HAMLIN, Deceased.

Surrogate's Court, Kings County, March 19, 1925.

**Wills — probate — material alterations — no satisfactory evidence as to when alterations were made — probate denied.**

A will will be denied probate on the ground of material alterations where there is no satisfactory evidence as to whether the alterations were made before or after the execution of the will.

PROCEEDING for probate of will.

*Harry A. Back*, for the petitioner.

*Daniel J. McParland*, special guardian.

WINGATE, S.:

The two subscribing witnesses testify to the due execution of the will and the testamentary capacity of the testator. They testify that they never saw any part of the will, except the last quarter fold of the page bearing the signatures, and they have no recollection as to whether or not the cancellation marks now on that portion of the paper were there when they signed.

The words " also House 624 Beverly Rd," upon the 13th and 14th lines of the 1st page, the words " also House 629 Beverly Rd," on the 5th line of the 2d page, and the words " also House 18 East 7 St," on the 9th line of the 2d page of the will, are in a different colored ink from the body of the will, and the proof is that the premises designated by those street numbers were not acquired by the testator until after the date of the execution of the will.

Surrogate's Court, New York County, March, 1925.        [Vol. 124

It is apparent that these words quoted were inserted after the will was executed.

The interlineations on the 18th line are immaterial and in no way affect the result. They are merely descriptive and being fair upon the face of the instrument and unexplained by any evidence to the contrary must be presumed to have been made before the execution of the will.

There is no evidence whatever as to when the words " the use of while he lives then to his children," on the 23d line of the 1st page of the will were written on the face of the will, or when they were stricken out. These words are in testator's handwriting and appear to be written in different ink from the body of the will. His initials appear in the margin adjoining. It is clear that he made certain alterations in the will after it was executed, but there is nothing to aid in reaching a conclusion as to this change.

Such also is the case in regard to lining out the words " my two Sons Leslie E. Hamlin and Frankie D. Hamlin," on the 11th, 12th and 13th lines on the 2d page, and the words lined out in the last paragraph. To attempt to find whether the changes were made before or after execution would be sheer speculation. The changes are material in their effect. When material provisions of a will have been erased or altered and the court cannot determine from the proof whether the alterations were made before or after execution, probate must be refused and the whole instrument rejected. (*Matter of Barber*, 92 Hun, 489.)

The propounded paper is denied probate.

Settle decision and decree accordingly.