In the Matter of the Estate of CLEMENT C. SPEIDEN, Deceased.

Surrogate's Court, New York County, October 9, 1926.

Wills — probate — objections to probate of codicil stricken out where insufficient to raise issue as to validity of codicil — objectionable paragraph is not dispositive and may be excluded from context of will as admitted to probate — motion may be made in probate proceeding to preclude recording of objectionable provision.

Objections to the probate of the codicil of the will herein must be stricken out where they are insufficient to raise an issue as to the validity of the codicil or to bar its immediate admission to probate.

A paragraph contained in said codicil in explanation of the substitution of a new trustee, which appears to be the sole basis for contestants' objections and which is not dispositive in character, or an essential testamentary provision, will be excluded from the instrument as admitted to probate, since the Surrogate's Court has power to exclude from a testamentary instrument objectionable matter contained therein.

The proper procedure for the elimination of objectionable matter from a testamentary instrument is not by filing objections to probate, but by a motion made in the probate proceeding to preclude the recording of the objectionable matter.

APPLICATION to strike out objections filed to probate of codicil.

*Putney, Twombly & Putney,* for Leith Speiden, as executor.

*Edmund L. Mooney* [*Edmund L. Mooney* and *Hobart S. Weaver* of counsel], for the contestants.

FOLEY, S. The application to strike out the objections filed to the probate of the codicil, dated January 28, 1922, is granted. These objections raise no question as to the validity of the execution of the codicil, to the testamentary capacity of the testator, or as to the exercise upon him of fraud or undue influence in the

making of the will. They are based solely upon certain language contained in it claimed to be objectionable to the contestants. The particular paragraph complained of is not dispositive but appears to have been added by the testator or the draftsman in explanation of the substitution of a new trustee in place of one previously appointed in the will. The motion to strike out the objections is, in effect, a motion for judgment on the pleadings. I hold as a matter of law that the allegations contained in the objections are wholly insufficient to raise a contested issue as to the validity of the codicil, or to prevent its immediate admission to probate. In my decision in *Matter of Webb* (122 Misc. 129; affd., 208 App. Div. 793, without opinion) I had occasion to review the authorities as to the jurisdiction of the surrogate in a contested·probate proceeding. I pointed out that without regard to the validity of any of its provisions, where the will was executed with all the statutory requirements by a competent testator not under restraint, the paper must be admitted to probate. Among the authorities cited in that opinion was the leading case of *Matter of Davis* (182 N. Y. 468, affg. 105 App. Div. 221). In that case the only ground relied upon to defeat the will was the fact that the sole legatee and sole executrix named therein had died before the testatrix. The Court of Appeals held that the surrogate had no power to refuse to admit to probate unless there was a failure to prove the statutory requirements of execution and competency. These essentials are now set forth in section 144 of the Surrogate's Court Act. In its opinion the Court of Appeals approved the language used below by the Appellate Division that " any other rule would lead to confusion and to the introduction of false issues in the probate of wills." That observation applies with particular force to the situation in this estate. The filing of the objections has resulted in delay in the admission of the will, with consequent expense to the beneficiaries named in the will, and with delay in the distribution of their respective shares. There is no reason why the surrogate should not now expedite the admission of the will, and avoid the unnecessary steps that may be required to bring the case to a trial, in which the determination on a motion to dismiss would be the same as that reached by me on this motion.

I hold further that the specific clause objected to by the contestants may be excluded from the context of the will as admitted to probate and as set forth in the decree herein on the ground that it is not dispositive or an essential testamentary provision. It is clear that the surrogate possesses complete power to exclude objectionable matter contained in a testamentary script from the form of the last will as admitted to probate and as recorded in

the records of the Surrogate's Court. (*Matter of Bomar*, 18 N. Y. Supp. 214. See, also, *Matter of Meyer*, 72 Misc. 566.) This is particularly so where the omission of the improper matter does not change the legal effect of the paper or constitute an operative portion of the instrument. Only by the exercise of such power may the publication of a post-mortem libel or the recording of indecent or offensive language written by a testator or by the draftsman of a will be denied judicial recognition. The proper procedure for this relief as outlined in the foregoing authorities is not by filing objections to the probate, but by a motion made in the probate proceeding to preclude the recording of the objectionable matter.

Submit order on notice accordingly and submit decree on notice setting forth in full the form of the various instruments to be admitted to probate with the exception of the clause objected to.