In the Matter of the Estate of MAUDE D. AYRES, Deceased.

Surrogate's Court, Kings County, September 1, 1931.

*James J. Bartley*, for the special guardian.

*John J. Bennett, Attorney-General*, for the People of the State of New York.

*George A. Arkwright*, for the petitioner.

WINGATE, S. In its two decisions in *Matter of Enright* (138 Misc. 853 and 139 id. 192) this court carefully reviewed all previous decisions of the courts of this State respecting the admission to probate of wills duly executed by a competent testator, the validity and effect of the dispositive provisions of which were subject to objection. In the earlier of these decisions it was noted that in cases where it is shown that a testamentary document was duly executed by an individual possessing the requisite testamentary

capacity and volition, the surrogate possesses no discretion respecting admitting the document to probate, the effect to be given the contents of the will being the proper subject-matter of a subsequent proceeding for construction.

These considerations are fully applicable to the objections to probate interposed herein. It has been amply demonstrated by the testimony of all three subscribing witnesses that the testatrix was fully qualified to make a will and that the document propounded was her uninfluenced and voluntary act; furthermore, the manner of execution of the instrument fully complied with all the requirements of section 21 of the Decedent Estate Law. Indeed, none of these essential facts is seriously contested.

It follows, therefore, on the decisions reviewed in *Matter of Enright* (138 Misc. 853) that the document is entitled to probate.

Advancing beyond this point, however, and approaching the subject of the validity of the directions contained therein, a more serious question is encountered in the fact that it is not clear on the face of the document or from the extraneous evidence introduced, as to whether or not certain portions of the writing found in the instrument propounded were contained therein at the time of its execution by the testatrix and its attestation by the subscribing witnesses.

The will is on a printed form, the dispositive provisions having been typewritten thereon by the testatrix herself.

These provisions read as follows:

" *First,* after my lawful debts are paid, I give to Ethel E. Taft, my ruby and carbuncle pin (now in the safety deposit box — Dimes Savings Bank, at DeKalb Ave. & Fulton St.) and my Teachers' Life Insurance of $300 (Three Hundred Dollars).

" *Second* — To my cousin Jane Louise Pinder of Grand Island, Nebraska, Conservatory of Music, my black onyx R. J. D. pin, my old fashioned gold pin (bow on circle) which was Aunt Esther's and both rings which have three Diamonds set in them. (One of yellow gold, and one of white gold.)

" *Third* — To Alice Hansen, Two Hundred Dollars ($200).

" *Fourth* — To Hettie Moore Tilley, my N. Y. Life Insurance, and such furniture as I possess in our apartment.

" *Finally* — To Mable R. Shuttleworth, the residue of my estate, including my prudential Life Insurance, which is to reimburse her for a simple funeral. Said Mabel R. Shuttleworth is to dispose of what jewelry remains from the above bequests as she sees fit, and after I have been buried beside my mother at Cypress Hills, said Mabel R. Shuttleworth is to have control over the remaining graves in my part of the plot.

" Signed in the presence of the witnesses hereafter subscribed this Ninth day of December, Nineteen Hundred Twenty-nine.

" Codicle — To Lillian Morgan Dudley, the Life Insurance given me by The Employers' Liability Assurance Corporation.

" To Dr. Lela Jane Garrison of 63 Fort Greene Place, my opal ring.

" I hereby appoint Mable R. Shuttleworth to be executrix of this my last will and testament."

The testimony of the subscribing witnesses is to the effect that at the time of its execution by the testatrix and themselves, the paper was so folded that none of its contents preceding the appointment of the executrix, in the portion above quoted, was visible to them and they never received any knowledge thereof. Likewise, diligent investigation, made by the interested parties, has failed to elicit any information on this subject. It is reasonably apparent, therefore, that such information is unobtainable and that the testatrix after personally preparing her will, carefully guarded any knowledge of its contents from all other persons.

Concretely stated, therefore, the question presented for decision is whether that portion of the dispositive provisions beginning with the word " Codicle " and providing for the gift of testatrix's Employers' Liability insurance to Lillian Morgan and of her opal ring to Lela Jane Garrison was in the document at the time of its execution and attestation, or was subsequently written in the blank space in the printed form. Obviously, these latter provisions are in derogation of the gift of the residue of the estate, contained in the preceding paragraph beginning with the word " Finally."

According to the decisions reviewed in the second *Enright* opinion, unattested interlineations and interpolations in a will, made after its execution, will not be permitted to vary or void the instrument as originally drawn. If, therefore, the provisions for Miss Dudley and Dr. Garrison were added subsequent to the execution, they are a nullity with like effect as if they had never been written, and the preceding dispositive provisions in so far as legal will be effective in all particulars.

As noted in *Matter of Hamlin* (124 Misc. 847) an exception to the usual rule that concededly valid portions of a will will be admitted to probate under such circumstances, is found in cases where the entire testamentary scheme is affected by interlineations whose time of insertion in the document cannot be determined. Obviously the case at bar does not present such an exception. According to the terms, only two small items of the estate are affected, and the dispositive plan of the testatrix, as a whole, remains unimpaired.

Whereas these considerations would lead in the ordinary case to an admission to probate of those portions of the will preceding the word " Codicle," such result is more obvious when the extraneous circumstances affecting the gifts to Miss Dudley and Dr. Garrison are considered.

It has been established that Miss Dudley predeceased the testatrix, with the result that the gift attempted to be made her in the first item of the " Codicle " lapsed; and it has been stated without contradiction that the opal ring given to Dr. Garrison was the subject of a gift *inter vivos* to her long prior to the testatrix's death, wherefore the legacy thereof, if validly made, was adeemed.

For these reasons the question of the effect of the bequests in the two clauses following the word " Codicle " has become academic, and it is primary that such questions will not be decided by the courts.

The propounded will must, therefore, be admitted to probate effectuating in all particulars those clauses thereof designated " First," " Second," " Third," " Fourth " and " Finally," and the appointment of the executrix.

Proceed accordingly.