In the Matter of the Estate of MARGHERETA KNOLL, Also Known as MARGARET KNOLL, Deceased.

Surrogate's Court, Kings County, February 24, 1933.

*Daniel J. McNamara*, for the petitioner.

*Furst, Schwartz & Schwager*, for Roderick Knoll and J. Walter Knoll.

WINGATE, S. The only question remaining for decision in this proceeding is one of construction of the " sixth " item of testatrix's will, which reads as follows: " I hereby give to my friend, William J. Schroeder, and my daughter Louise, the sum of Three Thousand ($3,000.00) Dollars, in trust, however, for my son Jake, with the understanding that he is not to receive any of this money, either principal or interest, unless he is very sick. In that case they are to pay for his expenses out of this fund. At his death all funeral expenses are to be paid out of this fund and the balance, if any, is to be given to my daughter, Louise."

It is alleged in the petition and account and not denied, that by " Jake " testatrix referred to her son, J. Walter Knoll. " Louise " is obviously her daughter, Louise Knoll. The petition further sets

forth that "Jake" is a man of good health and always has been in good health.

This bequest has been made the subject of extremely spirited attack which, in certain respects, evinces more energy than information regarding probate law. One of the objecting parties, after setting forth an array of arguments for a declaration of invalidity of the direction, caps his contentions by the position "that in view of the failure of said trust * * * the entire Will fails and asks this court to declare that the decedent died intestate." Here is surely enthusiasm worthy of a better cause.

It is one of the most primary principles of testamentary construction that unless invalid directions of a will are so inextricably interwoven with the valid as to defeat the testamentary plan by their deletion, the valid will be effectuated and the void excised. (*Matter of Terwilligar*, 135 Misc. 170, 181, 182, and cases cited; affd., 230 App. Div. 763; *Matter of Enright*, 139 Misc. 192, 199; *Matter of Meyer*, 140 id. 1, 5, and other authorities too numerous to mention.)

In the present instance the direction for this trust is in no wise interlocked with any other disposition, and consequently, if invalid, will in no wise affect the balance of the will.

Is the trust invalid? Its validity is attacked on the alleged grounds that it is "ambiguous," "indefinite," and that it does not comply with section 96 of the Real Property Law. The court is unable to concur in any of these contentions.

The Standard Dictionary defines "ambiguous" as "capable of being understood in more senses than one; obscure in meaning through indefiniteness of expression; having a double meaning." The direction in question is none of these. It is clear and distinct. It gives a fixed sum to named trustees for the benefit of a designated individual. From this sum the income is to be applied for the benefit of the *cestui* in a clearly stated contingency and the corpus, so far as necessary, is dedicated to the defraying of his like needs and his funeral expenses. Certainly nothing could be less "ambiguous" than this direction. A grammar school child could readily appreciate its meaning.

Nor is the direction "indefinite," which the same recognized authority defines as "without fixed boundaries or distinguishing characteristics; not definite, determinate or precise." The rights of the beneficiary and the corresponding obligations of the trustees have absolutely "fixed boundaries" and are meticulously "precise." The *cestui* is entitled to receive the entire income and principal to the extent of his needs, and has similar rights thereto for the defraying of his funeral costs. The latter obligation is

certain to arise. In the ordinary course of human events, the former is equally probable. With the event sure to occur, and merely the time of its happening incapable of accurate prediction, there is no legal indefiniteness which will invalidate the direction. Whereas the beneficiary may be a man in good health today, there is every human assurance that the time is not far distant when this happy situation will come to an end and his condition will be within the description which his mother sought to alleviate.

Turning now to the final objection, respecting the alleged infringement of section 96 of the Real Property Law, it is obvious that in so far as directions for the disposition of income and principal are given, they fall within subdivision 3 of section 96 and are wholly valid. If " Jake " were now ill, the direction of the will would presently be capable of exact compliance. The only existing difficulty arises from the failure of the testatrix to give a direction for the disposition of the income during that portion of the continuance of the trust when " Jake " is not entitled thereto. This omission does not effect any invalidity since it is supplied by the provisions of section 63 of the Real Property Law, and such income of which no disposition is made is payable to the next eventual estate (*Matter of Hartfield*, 139 Misc. 214, 218, 219, and cases cited; *Matter of Meyer*, 140 id. 1, 4; *Matter of Mehler*, 143 id. 63, 68) which is dedicated to the daughter, Louise.

Nothing in the will indicates any testamentary intent that testatrix desired the general legacies to be a charge on the realty passing pursuant to the residuary clause. (*Matter of Lilienthal*, 139 Misc. 225; *Matter of Kunz*, Id. 869.) Since the court has not been favored by any testimony respecting the affairs of the decedent at the time the will was drawn, it must be held, on the record as presently existing, that no such charge exists.

The final question of the chief contestant, as to whether the beneficiary of the trust under item " sixth " may renounce his benefits, is wholly academic and will not be answered. (*Matter of Ayres*, 141 Misc. 236, 239; *Matter of Richman*, 142 id. 103, 108.) The law on this subject is entirely clear and can be ascertained from any good digest or encyclopedia of law by any person who is curious respecting it.

Proceed accordingly.