In the Matter of the Accounting of MARGUERITE E. TAYLOR et. al., as Executors of MADELAINE WILSON, Deceased, Petitioners.

Surrogate's Court, Westchester County, November 10, 1943.

*Philip E. Donlin* for petitioners.

*Harry J. Leffert* for Francina K. Power and others, objectants.

*William F. Bleakley, Horace N. Taylor* and *George Levitus* for Marguerite E. Taylor, individually.

MILLARD, S.   In this accounting proceeding objection has been made to the exclusion from the account of moneys amounting to $1,566.58, which sum is alleged to be an asset of the estate.

The petitioners defend the exclusion of such item from the account on the ground that said funds represent the corpus and unexpended income of an *inter vivos* trust established by the decedent.   Under an agreement in writing, made between the testatrix and Philip E. Donlin on December 17, 1941, the sum of $1,500 was transferred to said Donlin as trustee, which sum was directed to be deposited in a savings bank.   The purposes of the trust were stated in paragraph " THIRD " of the agreement, as follows: " THIRD: The Trustee shall, in the event of the serious illness of the Settlor, to the extent of her being unable to attend to her daily affairs, pay all doctors, nurses, and/or hospital bills of the Settlor out of the principal and/or interest of the Trust Fund, but in so doing, he alone shall determine the correctness of said bill or bills and shall have the sole decision of paying or rejecting same."   Upon the death of the settlor, the "balance of the trust fund" was given to Marguerite E. Taylor and Philip E. Donlin in specified shares.

The objectants contend that the agreement, or deed of trust, was invalid on the grounds that the purposes thereof were insufficient in law; that an unlawful accumulation of income was provided for; that the trust *res* was not fixed or determined; and that the beneficiary of the income of said trust fund was not sufficiently identified.   They further argue that the instrument did not effect a valid gift, and is testamentary in character, but lacks the formalities required for the due execution of a will.

Most of the points raised by the objectants can be disposed of without difficulty. The trust *res* was stated to be $1,500, and it is difficult to conceive phraseology whereby the trust fund could be better designated. Under the terms of the trust indenture, the settlor's expenses of illness were to be paid, and it seems perfectly clear that any such payments would be made for her benefit. There is, therefore, no indefiniteness as to the beneficiary. (*Matter of Knoll,* 146 Misc. 613, 614.) The court agrees with the objectants' contentions that the instrument did not work either a present gift or a valid testamentary disposition. Obviously, there was no intention on the part of the decedent to make an outright gift to the persons named as remaindermen; the language of the instrument itself refutes that theory. The intent of the donor to make a gift is essential and must be clearly established (*Matter of Van Alstyne,* 207 N. Y. 298; *Matter of Housman,* 182 App. Div. 37, affd. 224 N. Y. 525). The indenture under consideration was patently not executed in such a manner as to entitle it to be probated as a will. (Decedent Estate Law, § 21.)

The remaining objections relate to the purposes of the trust and the undisposed of accumulated income. It is well settled that a trust of personalty may embrace " any purpose not unlawful, subject only to the law of perpetuity." (*Cochrane et al.* v. *Schell et al.,* 140 N. Y. 516, 534; *Gilman* v. *Reddington,* 24 N. Y. 9, 12.) The rule thus laid down has been held to exempt personal property trusts from the statutory limitations imposed upon real property trusts. (*Hirsh et al.* v. *Auer,* 146 N. Y. 13, 19; *Matter of Leverich,* 135 Misc. 774, 788, affd. on opinion below 234 App. Div. 625; see, also, *Gilman* v. *McArdle,* 99 N. Y. 451, 456–457.) The innate characteristics of personal property make impracticable any statutory limitation of the purposes for which a trust of such property may be created. The within trust, while obviously established for the convenience of the settlor, was created, nevertheless, for the lawful purpose of insuring to the decedent proper medical attention during a serious illness.

Eventualities precluded the expenditure of any part of the income or principal of this trust. There was, however, a definite provision made for disbursements out of income and principal prior to the death of the settlor of the trust, under prescribed conditions. Such provision did not constitute an invalid direction for accumulation of income. (*Matter of Knoll,* 146 Misc. 613, *supra.*) An unlawful accumulation of income is effected only when, under the terms of the trust, the payment of income is prohibited or unprovided for during a specified portion of

the trust term. (*Matter of Bavier. No. 1,* 164 App. Div. 358.) With respect to the undisposed-of income of the trust now remaining in the hands of the trustee, it is well established that such profits belong to the persons presumptively entitled to the next eventual estate (Real Property Law, § 63, as made applicable to personalty by the provisions of Personal Property Law, § 11; *Matter of Harteau,* 204 N. Y. 292, 300), which, in this case, was settled upon Marguerite E. Taylor and Philip E. Donlin.

Since the sum of $1,566.58, representing the corpus and undisposed of income of the trust, is not properly an asset of the estate, the objections to the exclusion of such sum from the account are overruled and dismissed.

The fair and reasonable value of the legal services rendered by the attorney for the petitioners is hereby fixed and allowed in the sum of $500. I further find that Philip E. Donlin rendered legal services to the decedent, prior to her death, which were of the reasonable value of $150 and accordingly allow the claim therefor in such amount.

Settle decree accordingly.