Lawrence H. Cooke, S.
In this proceeding Harry C. Resnick petitions for the probate of an instrument dated October 9, 1956 and purporting to be the last will and testament of decedent. Under the terms of said alleged will decedent’s property was devised and bequeathed to his three children, they being the sole distributees, and one of said children and petitioner Resnick were named therein as executors.
The said children object to probate on the ground that they have entered into an agreement providing that the instrument in question “ shall not be offered for probate and shall not be admitted to probate and that the distribution made by the parties hereto of the assets of the Estate of Harry Cherkoff be and *70 the same hereby is accepted in full of their distributive share of the estate of Harry Cherkoff deceased.” In support of their contention respondents cite Matter of Sielcken (162 Misc. 54) in which it was stated at pages 68-69: ‘ ‘ Where all the parties interested in an estate, either under testacy or intestacy, agree that a will shall not be offered or admitted to probate, it is not within the power of a surrogate to enforce its admission. (Matter of Billet, 187 App. Div. 309.) ”
The question presented here, therefore, is as to whether or not a person named in a will as an executor can insist on probate despite such an agreement made by all devisees, legatees and distributees, to which agreement the named executor is not a party. It is this court’s opinion that the agreement advanced here cannot prevent probate.
Under section 139 of the Surrogate’s Court Act a petition for probate may be presented by “ any person designated in the will as executor * * It is also the right of a person named in a will as executor to insist upon the issuance to himself of letters testamentary for in so doing he but carries out the expressed wish of the testator (Matter of Fraser, 165 App. Div. 441, 443). Furthermore, each person designated in the will as executor is such an integral part of a probate proceeding that he must be cited upon a petition if he is not the petitioner (Surrogate’s Ct. Act, § 140).
If it appears to the Surrogate that the will was duly executed and that the testator, at the time of executing it, was in all respects competent to make a will and not under restraint, it must be admitted to probate (Surrogate’s Ct. Act, § 344). This has been interpreted uniformly as according no discretionary authority whatsoever in this regard (Matter of Strickland, 172 Misc. 976). It has been held that the testator’s wishes must be respected if .the will is valid in all respects (Matter of Moyer, 97 Misc. 512, 516; Matter of Bergdorf, 206 N. Y. 309, 312-313) and that the public policy may be concerned in some instances with attempts to defeat the probate of unwelcome wills by family arrangements (Matter of Solomon, 145 N. Y. S. 528).
However, section 19 of the Decedent Estate Law provides that the Surrogate’s Court may authorize ‘ ‘ the person or persons named as executors” to compromise controversies between persons claiming as devisees or legatees and those who would take by intestacy. The persons named as executors must be parties to the compromise, unless such persons have renounced, and a Surrogate’s Court is without power to approve such a compromise agreement when one of the executors named in the will is not a party to the agreement and opposes its approval *71 (Matter of Wilson, 269 App. Div. 665, affd, 294 N. Y. 903; Matter of Hall, 276 App. Div. 74).
In Matter of Lasak (57 Hun 417, affd. 131 N. Y. 624, 626-627) it was held: ‘ ‘ After the petition was filed with the surrogate and the proper parties had been cited and were before him, he had jurisdiction of the subject-matter and of the parties. It was a proceeding in rem. to prove the will. All parties could become actors therein. (Code, § 2617.) Any of them could contest and produce witnesses in opposition to the probate, and any of them could offer witnesses in support of the will and cross-examine the witnesses called in opposition thereto. In such a case, if all the parties cited, being of full age, should ask that the proceedings be dismissed, no one appearing in support of the will, it would be the duty of the surrogate to dismiss the proceeding. * * * But so long as any person cited is before the surrogate in support of the will, he has no right, upon the motion of any other party, arbitrarily to arrest or dismiss the proceeding.”
In Matter of Jefferies (155 Misc. 464, 466, affd. 247 App. Div. 747) Surrogate Wingate declared in regard to section 19 of the Decedent Estate Law: “ The only authority which the court possesses in this ■ regard is respecting the approval or disapproval of an agreement ‘ to which * * * the persons named as executors or the petitioners for administration with the will annexed, as the case may be, those claiming as devisees or legatees and those claiming the estate as intestate, shall be parties ’ (Dec. Est. Law, § 19, subd. b). * * * As this court was at some pains to point out in its review of the scope of this enactment made in Matter of Sidman (154 Misc. 675), its authority in approving a compromise agreement is strictly limited to the determination of two matters, namely, first, whether the agreement which is proposed to be made and which has received the assent of all parties who are sui juris, is fair to the decedent in view of all of the surrounding circumstances, insofar as it alters the disposition of his property which he intended; and, second, whether a similar agreement properly protects the interests of persons who are not sui juris and unborn persons. Beyond these points, the authority of the court does not extend. It has no power whatsoever to coerce a competent adult into any agreement of which he does not approve or into which, for any reason, good, bad or indifferent, he does not care to enter.”
Here, one of the executors named in the will was not a party to the agreement in question "and not having renounced, the said agreement would not be a bar to probate.
Respondents moved for judgment on the pleadings. The motion for a dismissal of the petition is denied and the answer *72 and objections are stricken as they are insufficient to raise an issue so as to prevent probate (Matter of Speiden, 128 Misc. 899; Holy Sepulchre Cemetery v. Town of Greece, 191 Misc. 241, affd. 273 App. Div. 942). Petitioner may proceed with the proceedings for probate.
Submit order on two days’ notice.